THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 South Carolina
 Department of Social Services, Respondent,
    v.
 Cheryl B.,
 Clarence L., Leon W., and John Doe, whose true identity is unknown, Defendants,
 Of Whom Cheryl
 B. is the Appellant.
 In the
 interest of four minor children under the age of 18.
 
 
 

Appeal From Berkeley County
Wayne M. Creech, Family Court Judge
Unpublished Opinion No.  2010-UP-376
Submitted July 1, 2010  Filed July 28,
 2010
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED

 
 
 
 Angela B. Mullholland, of Charleston, for Appellant.
 Paul C. White, of Moncks Corner, for Respondent.
 E. Ellen Howard Bentz, of Charleston, for Guardian ad Litem. 
 
 
 
 

PER CURIAM: Cheryl
 B. (Mother) appeals from the family
 court's order terminating parental rights to her four minor children (Children). 
 Mother contends the family court erred in finding termination of parental
 rights (TPR) was in Children's best interests.  We affirm in part, reverse in
 part, and remand.[1]  
The
 grounds for TPR must be proven by clear and convincing evidence.  S.C. Dep't
 of Soc. Servs. v. Parker, 336 S.C. 248, 254, 519 S.E.2d 351, 354 (Ct. App. 1999).  "Upon review, the appellate court may make its own finding from the
 record as to whether clear and convincing evidence supports the termination [of
 parental rights]."  S.C. Dep't of Soc. Servs. v. Headden, 354 S.C.
 602, 609, 582 S.E.2d 419, 423 (2003).  The
 family court may order TPR upon finding one or more of the eleven statutory
 grounds is satisfied and also finding TPR is in the best interest of the
 child.  S.C. Code Ann. § 63-7-2570 (2010).  In a TPR case, the best interests
 of the child are the paramount consideration.  S.C. Dep't of Soc. Servs. v.
 Smith, 343 S.C. 129, 133, 538 S.E.2d 285, 287 (Ct. App. 2000).  "The interests of the child shall prevail if the child's
 interest and the parental rights conflict."  S.C. Code Ann. § 63-7-2620 (2010).   
We
 agree with the family court's findings that the statutory grounds for
 termination of Mother's parental rights were satisfied.  However, regarding the best interests of
 Children, we find the record is insufficient to determine whether termination
 of Mother's parental rights was in Children's best interests.  At the TPR hearing, the South Carolina Department of
 Social Services (DSS) foster care case manager summarily testified TPR was in
 the best interests of Children.  DSS did not present any testimony regarding
 how Children were adjusting to their current foster care placements or
 Children's future prospects for permanent placement.  Additionally, the
 guardian ad litem did not believe TPR was in Children's best interests, and
 both the DSS foster care case manager and the guardian ad litem testified
 Children were strongly bonded with Mother and did not want Mother's parental
 rights terminated.  Furthermore, in its order, the family court did not provide
 any factual evidence in support of its finding TPR was in the best interests of
 Children as required by Rule 26, SCRFC.  See Rule
 26(a), SCRFC ("An order or judgment pursuant to an adjudication in a
 domestic relations case shall set forth the specific findings of fact and
 conclusions of law to support the [family] court's decision.").  
Accordingly,
 we affirm the family court's order as to its findings on the statutory grounds
 for TPR, reverse the family court's order as to its findings on best interests,
 and remand the matter in order for the family court to make sufficient findings
 of fact as to whether TPR is in the best interests of Children.  The family
 court may order a hearing on best interests to further clarify the issues
 surrounding Children's current foster care placements, Children's future prospects
 for permanent placement, and any other relevant issues related to Children's
 best interests.     
AFFIRMED
 IN PART, REVERSED IN PART, AND REMANDED.
WILLIAMS, KONDUROS, JJ., and CURETON, A.J., concur.  

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.